**GODFREY v. SMYTH, United States Collector of Internal Revenue.**

No. 27659.

United States District Court
N. D. California, S. D.

May 2, 1949.

I. M. Peckham, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

LEMMON, District Judge.

Counsel for the plaintiff has been most industrious in his presentation of the pending motions. He has submitted to me two long memorandums and a summary of his argument. I know that he has sincere conviction that his position is meritorious and that the conclusion the Court has reached is faulty. My further study of the case, instead of bringing me to his way of thinking, fortifies my original conclusion. I am still of the conviction that the insurance trusts did not make Mrs. Godfrey the irrevocable beneficiary. I am still persuaded that the conversations had by the insured and his wife did not constitute an agreement.

If I were to hold contrary upon the question of the agreement my conclusion would not be altered. In California though the wife has an equal, existing interest with her husband in the community property, including personal property, the husband has the control of the community personal property subject to certain restrictions with which we are not here concerned. It is probable that this control would permit the husband to change a beneficiary designated and to borrow upon or receive the cash surrender value of a policy which is community property without the wife's consent in advance.

Each of the trust agreements provides that the trust shall become null and void "(a) if I shall revoke said appointment by written notice to said Company filed at its Home Office; (b) if both said Beneficiaries 'shall die before me; (c) if any change is made in the beneficiary or manner of payment of the proceeds of said policy; (d) if said policy shall be surrendered for Cash Surrender Value; (e) if I shall assign said policy and said assignment or written notice thereof be filed with the Company at its Home Office; (f) if at my death the net sum payable under said policy shall be less than Six Thousand Dollars."

The "I" referred to therein is William S. Godfrey, the insured. It is therefore quite clear that the trust agreements to which plaintiff gave written consents recognizes that Godfrey retained the right to assign the policy and to revoke the appointment, and that the right was reserved to change the beneficiary or manner of payment of proceeds and to surrender the policy for its cash value. Counsel in one of his memorandums sets forth these above-quoted provisions and in pencil comments that the right to change the beneficiary or the manner of paying the proceeds, the surrender of the policy for cash value and the right to assign the policy retained by the insured is "contrary to G's agreement". I can not understand how this would be contrary to the agreement, assuming there was one; it is integrated in the least assailable part of any agreement which might have existed. It has the solemnity of a writing. It does not depend upon the recollection of an interested party whose word may not now be disputed by any living witness to the conversation.

It must be borne in mind that these trust agreements have not been attacked upon any equitable grounds. Plaintiff did not assail them either in her pleading or at the trial.

As I understand Mrs. Godfrey, she stands upon the trust agreements and upon an oral understanding which she claims existed between the parties. The original negotiations merged in the writing and any verbal negotiations repugnant to the writing may not be considered.

The insured did not part with all of his title to and enjoyment of the policies. He did not alienate all of his "possession or enjoyment". Spiegel's Estate v. Commissioner of Internal Revenue, 335 U.S. 701, 69 S.Ct. 301, 304; Commissioner of Internal Revenue v. Church's Estate, 335 U.S. 632, 69 S.Ct. 322.

Plaintiff's motions to amend findings and judgment and for a new trial are both denied.