**GODFREY v. SMYTH, Collector of Internal Revenue.**

**No. 12277.**

United States Court of Appeals Ninth Circuit.

Jan. 21, 1950.

I. M. Peckham, San Francisco, Cal., for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, L. W. Post, Sp. Assts. to Atty. Gen., Frank J. Hennessy, U. S. Atty., C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, McALLISTER,[*] and ORR, Circuit Judges.

PER CURIAM.

The question on this appeal is whether the proceeds of certain policies of insurance on the life of the decedent are includible in his gross estate for the purposes of federal estate tax under § 811 of the Internal Revenue Code, as amended by the Revenue Act of 1942, 26 U.S.C.A. § 811.

---

[*] Sixth Circuit, sitting by special designation.

The trial court found that all premiums on these policies were paid out of community property and that the insured retained incidents of ownership in the policies and their proceeds. Accordingly it held that the proceeds in question form a part of the gross estate. It rejected as unfounded the taxpayer's contention, again urged here, that there was an oral agreement between the decedent and his wife to change the community insurance to separate property. We think these findings and conclusions are supported by the record. Apart from the contention predicated on the supposed oral agreement the result must be the same in view of the finding that at the time of his death the decedent had incidents of ownership in all of the policies exercisible either alone or in conjunction with his wife.

The reasons for these views are adequately developed in the brief opinion rendered by the trial court on taxpayer's motion to amend the findings and judgment. 87 F. Supp. 982. With this opinion we are in full accord.

The judgment is affirmed.